
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MYOUNGCHUL SHIN, an individual; SEONGMIN CHO, an individual; YONGSEON KIM, an individual, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNI-CAPS, LLC, a California limited liability company; SANG H. KIM, an individual; KYU SANG SHIM, <br><br> Defendants-Appellees. | No. 16-55203 <br><br> D.C. No. 8:14-cv-01387-JFW-PJW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted October 5, 2017
Pasadena, California

Before: GRABER, MURGUIA, and CHRISTEN, Circuit Judges.

Plaintiffs Myoungchul Shin, Seongmin Cho, and Yongseon Kim timely

appeal the district court's grant of summary judgment in favor of Defendants Uni-

Caps, LLC, Sang H. Kim, and Kyu Sang Shim on Plaintiffs' federal claims under

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the Fair Labor Standards Act ("FLSA"), as well as its decision not to exercise supplemental jurisdiction over their state law claims. We affirm in part, vacate in part, and remand.

1. The district court correctly granted summary judgment to Defendants on Plaintiffs' federal retaliation claim. Yartzoff v. Thomas, 809 F.2d 1371, 1373 (9th Cir. 1987). Even assuming that Plaintiffs had engaged in FLSA-protected activity, Defendants had a legitimate, nondiscriminatory reason for terminating Plaintiffs: their refusal to work on weekends as assigned.

2. The district court correctly held that Defendants Kim and Shim were not Plaintiffs' employers within the meaning of the FLSA's overtime provision. 29 U.S.C. § 203(d). Defendant Kim was not Plaintiffs' employer because he had little to no contact with Plaintiffs on a day-to-day basis, and he did not direct their work activities during their shifts. Defendant Shim was not Plaintiffs' employer because he did not maintain their personnel files or payroll records, nor did he have the unilateral power to terminate them.

3. The district court abused its discretion in applying the doctrine of judicial estoppel when determining that Plaintiffs were subject to the bona fide executive exemption to the FLSA's overtime provision. Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001). Plaintiffs' immigration applications were

2

almost entirely predictive of what their job duties would be and were not descriptions of their actual job duties during the time period at issue. Therefore, Plaintiffs' description of expected managerial duties is not "clearly inconsistent" with their claim that they were not exempt employees. Id.

4. The district court failed to rule on the admissibility of Plaintiffs' declarations, which included no certifications of translation. The declarations' content is highly relevant to whether there is a genuine issue of material fact. Accordingly, we vacate the district court's ruling on Plaintiffs' claim for overtime compensation and remand for the district court to rule on the declarations' admissibility and to reconsider Defendants' motion for summary judgment on Plaintiffs' FLSA overtime claim.

5. Because we vacate the summary judgment on one of Plaintiffs' federal claims, we also remand for the district court to reconsider whether it will exercise supplemental jurisdiction over Plaintiffs' state law claims.

**AFFIRMED in part; VACATED in part; and REMANDED.** The parties shall bear their own costs on appeal.